UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| **FEDERICO SALINAS-RODRIGUEZ**, *et al.* | )<br>)<br>) |
| PLAINTIFFS, | )<br>) |
| v. | ) **Case No. 3:05 CV 440 WHB-AGN** |
| **ALPHA SERVICES, L.L.C.**, *et al.* | )<br>)<br>) |
| DEFENDANTS. | )<br>) |

**MOTION FOR PROTECTIVE ORDER, SANCTIONS,
CORRECTIVE NOTICE, AND OTHER APPROPRIATE RELIEF**

Pursuant to 29 U.S.C. § 1855(a), 29 U.S.C. § 216(b), and Federal Rules of Civil Procedure 23(d) and 83, Plaintiffs and Opt-in Plaintiffs (collectively, "Plaintiffs") move this Court for a protective order to enjoin and restrain Defendants from their recently-initiated campaign of threats, intimidation, and coercion intended to discourage Plaintiffs from asserting claims under the Agricultural Worker Protection Act (AWPA) and Fair Labor Standards Act (FLSA). Plaintiffs specifically request that this Court: (1) issue a written order enjoining and restraining Defendants, whether acting directly or indirectly through any agents, employees, counsel or intermediaries, from any and all communications related to this litigation with Plaintiffs and other members of the putative class, except as conducted through this Court, Plaintiffs' counsel or the formal discovery process, from the present until the end of trial; (2) order Defendants to release the names and addresses of all putative class members so that Plaintiffs' counsel may send potential class members corrective notice and information concerning their rights under the anti-retaliation provisions of the AWPA and FLSA; and (3) impose appropriate sanctions on Defendants by awarding Plaintiffs attorneys' fees

1

and costs related to the bringing of this Motion.

The grounds for this motion, set out more fully in the accompanying Memorandum of Law and Exhibits, are as follows:

1. Eleven migrant agricultural workers filed this class action and collective action lawsuit in April, 2005.[1]

2. Plaintiffs and putative class members are migrant agricultural workers recruited in Mexico and Guatemala to perform forestry work in the United States for Defendants under the auspices of the H-2B guest worker program from 2002 to the present. See 8 U.S.C. § 1101(h)(ii)(B).

3. The suit alleges that during Plaintiffs' and putative class members' employment with Defendants, Defendants systematically violated the Agricultural Worker Protection Act (AWPA), 29 U.S.C. § 1801 et seq., and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

4. Within the past few months, Defendants have responded to Plaintiffs' assertion of their statutory rights by initiating an organized campaign designed to coerce and intimidate Plaintiffs into withdrawing their claims against Defendants.

5. Defendants' agents have telephoned Plaintiffs and traveled to their hometowns in Mexico to make personal visits for the purposes of discouraging their participation in this litigation.

6. Evidence suggests that Defendants have directed Gloria Solis, one of Defendants' recruiters in Mexico, to assist them in coercing Plaintiffs to withdraw the claims made in this lawsuit. Ms. Solis has made at least one phone call in Mexico on behalf of Defendants in an attempt to coerce Plaintiffs' withdrawal from this case. See Ex. 1 (Affidavit of Marco Antonio Salinas-Rodriguez).

---

[1] On October 28, 2005, Plaintiffs informed Defendants that they no longer intended to present Malaquias Astello-Guevara, Valentin Salinas-Castro, Ramiro Gonzalez-Felipe, Jose Isabel Lopez-Sanchez, Casimiro Rodriguez-Garcia, J. Jesus Lopez-Sanchez, and Roberto Salinas-Castro as named representative Plaintiffs. Instead, these seven Plaintiffs will continue to participate in this case as Opt-In Plaintiffs pursuant to 29 U.S.C. § 216(b) and as members of the putative Rule 23 class. Fed. R. Civ. P. 23. As such, four of the eleven Plaintiffs currently named in the caption will continue as named representatives – Federico Salinas-Rodriguez, Javier Astello-Mendez, Marco Antonio Salinas-Rodriguez, and Juan Hernandez-Hernandez.

7. Defendants' agents have also directed someone identifying himself as an attorney from Tampico, Mexico, to assist them in coercing Plaintiffs to withdraw the claims made in this lawsuit. The Tampico attorney has made several telephone calls on behalf of Defendants in an attempt to coerce Plaintiffs' withdrawal from this case. See Exs. 1-3 (Affidavit of Marco Antonio Salinas-Rodriguez, Malaquias Astello-Guevara and Casimiro Rodriguez-Garcia). He has also had one personal visit with one of the Plaintiffs in an attempt to coerce Plaintiffs' withdrawal from this case. See Ex. 3 (Affidavit of Casimiro Rodriguez-Garcia).

8. During his telephone calls and his personal visit, the Tampico attorney has stated that he is acting on behalf of Alpha Services and Leland in particular. The Tampico attorney offered money in exchange for withdrawal of their claims against Defendants. See Exs. 1-3 (Affidavits of Marco Antonio Salinas-Rodriguez, Malaquias Astello-Guevara and Casimiro Rodriguez-Garcia). He offered additional money to Plaintiff Marco Antonio Salinas-Rodriguez in exchange for convincing the other Plaintiffs to drop the lawsuit. See Ex. 1 (Affidavit of Marco Antonio Salinas-Rodriguez).

9. The Tampico attorney represented to Plaintiffs Marco Antonio Salinas-Rodriguez and Casimiro Rodriguez-Garcia that they must drop their claims to be re-hired by Defendants or any other U.S. employers in future seasons. See Exs. 1 and 3 (Affidavits of Marco Antonio Salinas-Rodriguez and Casimiro Rodriguez-Garcia).

10. The Tampico attorney also disparaged the attorneys representing Plaintiffs in this case. He accused Plaintiffs' counsel of being "gringos" who are not interested in the well being of the Mexican Plaintiffs. He further claimed that Plaintiffs' Counsel will receive a large sum of money as a result of this lawsuit but will only give a small amount to the Plaintiffs. See Exs. 1 and 3 (Affidavits of Marco Antonio Salinas-Rodriguez and Casimiro Rodriguez-Garcia).

11. By directing or permitting their agents to threaten, intimidate, and coerce Plaintiffs into

withdrawing or disavowing their FLSA and AWPA claims, Defendants have violated the anti-retaliation provisions of the FLSA and AWPA. 29 U.S.C. § 216(b) and 29 U.S.C. § 1855(a).

12. Defendants' unlawful activities threaten severe harm by interfering with this Court's ability and duty to determine the truth and merits of the claims asserted by Plaintiffs in their lawsuit.

13. Defendants' unlawful activities have caused serious harm to Plaintiffs and putative class members. Defendants have explicitly represented to some Plaintiffs that they must drop their claims to be re-hired by Defendants or any other U.S. employers in future seasons. In so doing, Defendants have instilled a climate of fear and coercion that chills the ability of putative class members to assert their federally-protected rights.

14. The threatened harm to proceedings before this Court, Plaintiffs, and other potential plaintiffs far outweighs any burden that Plaintiffs' proposed protective order poses to Defendants.

15. The proposed protective order is narrowly tailored to limit Defendants' speech only as necessary to preserve the integrity of these proceedings and protect Plaintiffs from future harm.

16. A protective order would enable this Court to restore the state of affairs that existed prior to Defendants' unlawful activities so that Plaintiffs and potential plaintiffs may make their own decisions about whether to join this lawsuit, and may do so free of coercion, fear, and intimidation.

17. A protective order would promote the public interest by preserving this Court's power to manage the fair and orderly conduct of this litigation, and by redressing the atmosphere of fear, intimidation, and coercion that pervades Defendants' dealings with Plaintiffs and potential plaintiffs.

For the reasons stated above and those advanced in the accompanying Memorandum of Law, Plaintiffs pray that this Court:

(a) Issue a written protective order enjoining and restraining Defendants, personally or through their agents, employees, counsel, or any other intermediaries, from

communications with Plaintiffs and potential plaintiffs concerning this litigation, except as conducted through this Court, Plaintiffs' counsel, or the formal discovery process, from the present through trial of this case;

(b) Ordering Defendants to release the contact information for all putative class members so that Plaintiffs' counsel may send Plaintiffs and potential plaintiffs corrective notice and information concerning their rights under the anti-retaliation provisions of the AWPA and FLSA;

(c) Impose sanctions on Defendants, including an award of Plaintiffs' attorneys' fees and costs related to litigation of this motion; and

(d) Grant such other relief, as justice requires.

Respectfully submitted,

FEDERICO SALINAS-RODRIGUEZ, *et al.*

s/Kelley M. Bruner_____

Mary C. Bauer
Virginia Bar Number 31388
*Pro Hac Vice*
Kelley M. Bruner
Alabama Bar Number 8115-K74B
*Pro Hac Vice*
Andrew Turner
Virginia Bar Number 48853
*Pro Hac Vice*
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)
mbauer@splcenter.org
kbruner@splcenter.org
aturner@splcenter.org

        Richard T. Conrad III  
        Mississippi Bar Number 10648  
        Armstrong Allen, PLLC  
        P.O. Box 14028  
        Jackson, MS 39236-4028  
        (601) 713-6304  
        (601) 713-2049 (fax)  
        rconrad@armstrongallen.com  
        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 16, 2005, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

J. Larry Stine
Elizabeth K. Dorminey
Paul Oliver
Wimberly, Lawson, Steckel, Nelson & Schneider, P.C.
3400 Peachtree Road, Suite 400
Atlanta, GA 30326

R. Pepper Crutcher, Jr.
Balch & Bingham LLP
401 East Capitol Street, Suite 200
Jackson, Mississippi 39201

s/Kelley M. Bruner
Attorney for Plaintiffs
