```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION
```

**FEDERICO SALINAS-RODRIGUEZ,**
*et. al.*                                                    **PLAINTIFF**

**VS.**                         **CIVIL ACTION NO. 3:05-CV-440WHB-AGN**

**ALPHA SERVICES, L.L.C. AND**
**ROBERT WADE ZAHARIE**                                      **DEFENDANT**


## OPINION AND ORDER

This cause is before the Court on Plaintiffs' Motion for Preliminary Certification of Collective Action, Court-Authorized Notice, and Disclosure of the Names, Addresses and Telephone Numbers of Potential Opt-In Plaintiffs ("Motion for Preliminary Certification"). Having considered the Motion, Response, and all attachments to each, as well as supporting and opposing authority, the Court finds that Plaintiffs' Motion is well taken and should be granted.

### I.   Factual Background and Procedural History

This action arises from the employment of migrant forestry workers by Defendants Alpha Services, L.L.C., and Robert Zaharie (collectively referred to as "Defendants" or "Alpha") under the H-2B temporary foreign worker visa program. Plaintiffs are eleven former migrant employees of Alpha admitted to the United States under 8 U.S.C. § 1101(a)(15)(H)(ii)(b) ("H-2B workers"). Alpha is an Idaho company that provides a tree planting service in various

locations throughout the United States. Alpha allegedly employed Plaintiffs as well as hundreds of other H-2B workers from 2001 to 2005 to plant trees. On April 14, 2005, Plaintiffs filed this action against Alpha, asserting class action claims for violations of the Migrant and Seasonal Agricultural Workers' Protection Act, 29 U.S.C. § 1801 et seq., and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Pursuant to Section 216(b) of the FLSA, Plaintiffs now move for preliminary certification of their FLSA collective action claim.

Plaintiffs' allege that they and similarly situated H-2B workers of Alpha were subjected to a common policy and practice of compensation that violated the FLSA in the following ways:

1. Plaintiffs and similarly situated H-2B workers' wages were not supplemented when their average piece-rate earnings for a particular pay period did not equal or exceed minimum and/or overtime wage requirements;

2. Plaintiffs and similarly situated H-2B workers were not paid for all compensable time worked;

3. Plaintiffs and similarly situated H-2B workers' wages were subjected to deductions for cost of tools, materials and other incidentals that were necessary for the work performed; and

    4.    Plaintiffs and similarly situated H-2B workers were not reimbursed for visa processing and travel costs that were incurred primarily for the benefit of Alpha.

Because Plaintiffs and other H-2B workers employed by Alpha during this period had comparable "working arrangements, job duties and job descriptions and payment systems," Plaintiffs contend that they are "similarly situated" to other H-2B workers of Alpha to justify a collective action under the FLSA. See Memorandum in Support of Plaintiffs' Motion for Preliminary Certification, p. 3.

To establish that they are similarly situated, Plaintiffs submit affidavits stating that they observed other H-2B workers on their fourteen-member crew who had the same duties as they did and were similarly under-compensated. Also, Plaintiffs claim that they spoke with H-2B workers of Alpha who served on different crews and that these workers complained of the same pay practices that are the focus of Plaintiffs' lawsuit. See Exhibits "6-8" of Plaintiffs' Motion for Preliminary Certification. Further, Plaintiffs point to the "Applications for Alien Employment Certification" submitted by Alpha to the Department of Labor as proof that the H-2B workers had almost identical job descriptions and terms of compensation. See Exhibits "1-4" of Plaintiffs' Motion for Preliminary Certification. As further proof that there are similarly situated workers, Plaintiffs submit the "2004-2005 Planting Disclosure" of Alpha

which sets forth the terms of employment for all migrant workers who were employed as tree planters.

Plaintiffs seek to represent the following class of former H-2B employees of Alpha:

> All non-supervisory workers admitted as H-2b temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants between April 14, 2002, through present.

See Plaintiffs' Motion for Preliminary Certification, p.2.

Conversely, Alpha argues that Plaintiffs only make generalized assertions that they are similarly situated.  Alpha contends that Plaintiffs provide no evidentiary support that H-2B employees of Alpha were employed under the same terms or suffered the same FLSA violations alleged by Plaintiffs. Moreover, Alpha argues that Plaintiff Federico Salinas-Rodriguez stated in his deposition that the disputed pay practice pertains to the number of trees planted, which is contrary to the claims asserted in the Complaint. See Dep. of Salinas-Rodriguez, p. 32; attached as Exhibit to Defendants' Response to Plaintiffs' Motion for Collective Action. Also, because Plaintiffs have refused to answer questions and have asserted their Fifth Amendment right during depositions, Alpha profers that Plaintiffs are unsuitable representatives of the proposed class. Alternatively, Alpha argues that if the Court decides to conditionally certify the class, the class should be limited to the fourteen member crew of which Plaintiffs were members.

In addition to requesting preliminary certification, Plaintiffs also ask that the Court approve the notice to be sent to putative class members, that Alpha be ordered to provide the names, addresses, and telephone numbers of any potential opt-in plaintiffs, and that the opt-in period last for eight months.

## II.  Analysis

### II.A. Preliminary Certification

Section 16(b) of the FLSA provides that employees who seek recourse against an employer may bring a suit on behalf of "similarly situated" employees. This type of action is commonly referred to as an FLSA collective action. Putative plaintiffs in a FLSA collective action, unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, must "opt-in" rather than "opt-out" of the suit. 29 U.S.C. § 216(b).[1]

The United States Court of Appeals for the Fifth Circuit in Mooney v. Aramaco Services Co., 54 F.3d 1207, 1212 (5th Cir. 1995), outline two alternative methods district courts could use in deciding whether an FLSA collective action claim should be certified.[2]  The first approach described in Mooney calls for a

---

[1] Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."

[2] Although the court in Mooney was faced with an ADEA claim, Mooney is nonetheless applicable to preliminary certification of

"two-stage" analysis of the similarly situated inquiry. Id. The second approach is identical to the Rule 23 class certification inquiry. Id. at 1213-14. The Mooney court chose not to adopt either method. However, in discussing the "opt-in" aspect of Section 216(b), the Fifth Circuit, prior to Mooney, opined that there is a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)." LaChapelle v. Owens-Illinois, Inc., 513 F.2d 286, 288 (5th Cir. 1975). Accordingly, this Court finds that the two-stage method outlined in Mooney is the more appropriate method and will use this process in deciding whether Plaintiffs are similarly situated to other H-2B employees of Alpha.

The mechanics of the two-stage analysis, as elaborated by the court in Mooney, are as follows:

> The first determination is made at the so-called 'notice stage.' At the notice stage, the district court makes a decision – usually based only on the pleadings and any affidavits which have been submitted – whether notice of the action should be given to potential class members.
> Because the court has minimal evidence, this determination is made using a fairly lenient standard and typically results in 'conditional certification' of a representative class.  If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.' The action proceeds as a representative action throughout discovery.
> The second determination is typically precipitated by a motion for "decertification" by the defendant

---

FLSA claims. Because the ADEA expressly incorporates Section 16(b) of the FLSA, the law regarding certification under both acts is interchangeable. Mooney, 54 F.3d at 1212.

> usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question. If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives – i.e. the original plaintiffs – proceed to trial on their individual claims.

Id. at 1213-14 (footnotes omitted). In the notice stage, representative plaintiffs must substantially allege that they and putative class members were similarly situated as to their job requirements and pay provision. Aguilar v. Complete Landsculpture, Inc., No. Civ. A. 3:04CV0766D; 2004 WL 2293842, at *2 (N.D. Tex. Oct. 7, 2004). The employment circumstances need not be identical, only similar. Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996). To justify conditional certification, there must be "some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particularly alleged policy or practice." Villataro v. Kim Son Rest., L.P., 286 F.Supp.2d 807, 810 (S.D. Tex. 2003) (citations and brackets omitted).

In the case *sub judice*, the Court finds that Plaintiffs have met the "fairly lenient" standard of the notice stage by substantially alleging that other H-2B workers of Alpha, including those outside Plaintiffs crew, were similar situated to Plaintiffs. The "Applications for Alien Employment Certification" and "Planting

Disclosure" reflects that other H-2B forestry workers were employed under the same job description and compensation scheme as Plaintiffs. Moreover, Plaintiffs' affidavits allege that other H-2B workers were affected by the same policies and practices of which Plaintiffs complain. Although the affidavits are in generalized terms, at this stage in the litigation, Plaintiffs can not be expected to have an elaborate knowledge of the circumstances facing other H-2B workers that were not members of Plaintiffs immediate crew. The Court is mindful that discovery is only in its infant stages. Plaintiffs are not yet privy to the names and contact information of other H-2B workers. Thus, Plaintiffs have not had the opportunity to contact proposed class members to confirm or dispel these alleged similarities. If the Court required more proof at this notice stage, it would be overlooking the purpose behind the two-stage inquiry.

Defendants further argue that the FLSA violations alleged in the Complaint are different than those which Plaintiff Salinas-Rodriguez described in his deposition. However, the court can not deny Plaintiffs' rights to pursue a collective action simply based on the deposition of one named Plaintiff, especially when other named Plaintiffs have yet to be deposed.  Moreover, Defendants argument that Plaintiffs are not suitable representatives is premature. In making this argument, Defendant relies on case law that pertains to the adequacy requirement of Rule 23 class

certification. But, as the Court recognized *supra*, the Fifth Circuit has explained that Rule 23 class actions are wholly different from FLSA collective actions. Unlike certification under Rule 23, in-depth discovery has generally not been conducted prior to preliminary certification of FLSA collective actions. Until the facts are more fully developed through discovery, the Court is unwilling to find that Plaintiffs are inadequate as representatives. Accordingly, the Court will conditionally certify Plaintiffs FLSA collective action claim.[3]

Although the action should be preliminarily certified as a collective action, the Court believes the class as proposed by Plaintiffs is too broad. Specifically, the Court takes issue with the period urged by Plaintiffs. FLSA claims generally have a two year statute of limitations. 29 U.S.C. § 255(a). The lone exception to the two year limitations is where there has been a willful violation by an employer, in which case there is a three year statute of limitations. Id. Moreover, the filing of a complaint does not toll the statute of limitation for all claims that are brought under an FLSA collective certification. As Plaintiffs admit, the statute of limitations on an opt-in plaintiff's claim is

---

[3] Of course the conditional certification of Plaintiffs' FLSA collective action today indicates no ruling as to Plaintiffs' proposed class action claim under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801, et seq., ("AWPA"). Whether the AWPA claim will proceed as a class action claim will be determined according to Rule 23.

not tolled until he or she files a consent form with the Court. 29 U.S.C. § 256(b). Even assuming Defendants committed wilful violations, there are clearly claims in the proposed class that are time barred. Defendants contend that the Court should limit the time period to cover any claims accruing within three years of the issuance of this Order. Defendants suggestion is well taken. The Court therefore conditionally certifies the following class:

> **All non-supervisory workers admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants between December 27, 2002 through present.[4]**

**III.B. Miscellaneous Request of Plaintiff**

In addition to conditional certification, Plaintiffs ask that Defendant be ordered to provide Plaintiffs with the names, last-known addresses and telephone numbers of all potential opt-in plaintiffs. Defendants do not dispute that Plaintiffs are entitled to this information; therefore, Defendants are ordered to provide Plaintiffs the requested information on or before Friday, January 13, 2006.

---

[4] Both Plaintiffs and Defendants submitted proposed notices to be sent to potential opt-in plaintiffs. In light of several discrepancies in those proposed notices, the Court held a telephonic conference with counsel for all parties on December 19, 2005. The Court made several rulings regarding those discrepancies and directed counselors to promptly submit to the Court an agreed notice and consent form that reflects the ruling of the Court. After the agreed-to notice and consent form are submitted, the Court will issue a separate order authorizing the notice and consent form.

Plaintiffs also ask that they be given eight months to locate and file consent forms for opt-in plaintiffs. Because the vast majority of potential opt-in plaintiffs currently reside in remote locations in Guatemala and Mexico where there are limited means of communication, Plaintiffs contend that this eight-month period is reasonable. The Court finds that an eight-month opt-in period is excessive. However, the Court agrees that the circumstances described by Plaintiffs may very well hamper their efforts to communicate with potential opt-in plaintiffs. Thus, the Court will give Plaintiffs 180 days from the date of this Opinion and Order to locate and file consent forms for opt-in plaintiffs.

### III.  Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Preliminary Certification of Collective Action, Court-Authorized Notice, and Disclosure of the Names, Addresses and Telephone Numbers of Potential Opt-In Plaintiffs [docket entry no. 46] is hereby granted. The Court hereby conditionally certifies Plaintiffs FLSA claim.

IT IS FURTHER ORDERED that Defendants provide Plaintiffs the names, last-known addresses and telephone numbers of all potential opt-in plaintiffs, as described in the class conditionally certified by the Court today, on or before **Monday, January 13, 2005.**

IT IS FURTHER ORDERED that Plaintiffs must file all consents forms of opt-in plaintiffs within **180 days** from the date of this Opinion and Order.

SO ORDERED this the 27th day of December, 2005.

s/William H. Barbour, Jr.<br>UNITED STATES DISTRICT JUDGE

blj