## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON DIVISION

| | | |
|---|---|---|
| **FEDERICO SALINAS-RODRIGUEZ**, | ) | |
| **JUAN HERNANDEZ-HERNANDEZ**, | ) | |
| **JAVIER ASTELLO-MENDEZ**, | ) | |
| **MARCO ANTONIO SALINAS-**, | ) | |
| **RODRIGUEZ**, | ) | |
| | ) | |
| on behalf of themselves and | ) | **Case No. 3:05 CV 440 WHB-AGN** |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | **CLASS ACTION** |
| **ALPHA SERVICES, L.L.C.**, | ) | |
| and **ROBERT WADE ZAHARIE** | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

### PRELIMINARY STATEMENT

1.      This is an action brought by migrant agricultural workers admitted to the United States to work under the H-2B temporary foreign worker visa program.  The Plaintiffs were employed in the forestry operations of the Defendants at various times during the period from April 2002 through the present.  The named Plaintiffs seek redress on behalf of themselves and all others similarly situated for the Defendants' violations of their rights under the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801-1871 (1999), ("AWPA") and the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (1998), ("FLSA").

2.      This action is brought on behalf of a class of over 500 predominantly Mexican

and Guatemalan migrant workers who planted trees and performed other forestry-related activities for the Defendants.  The named Plaintiffs and other class members are indigent migrant workers whom the Defendants brought to the United States on temporary, H-2B work visas.  The named Plaintiffs and other class members left their homes and families and spent considerable money and effort to come to the United States, to perform arduous jobs which the Defendants have certified that American workers were not willing to do.  The named Plaintiffs made these sacrifices in an effort to better support their families in Mexico.

3.     Almost all of the Plaintiffs and other class members are non-English speakers who had little, if any, understanding of their legal rights while working in the United States as H2B forestry workers - particularly their legal rights to receive a prevailing hourly wage and overtime pay.  The Defendants took full advantage of the Plaintiffs' and other class members' indigence, inability to speak or understand English, and their lack of understanding of the laws of the United States to grossly underpay the named Plaintiffs and other class members.

4.     The Plaintiffs seek restitution of unpaid wages, an award of money damages, declaratory relief, and injunctive relief to make them whole for damages they suffered due to the Defendants' violations of law, and to ensure that they and other H-2B workers will not be subjected by the Defendants to such illegal conduct in the future.

### JURISDICTION

5.     Jurisdiction is conferred upon this court by 28 U.S.C. § 1331, this case arising under the laws of the United States, 28 U.S.C. § 1337, this action arising under Acts of Congress regulating commerce, 29 U.S.C. § 1854(a), this action arising under the AWPA, and 29 U.S.C. § 216(b), this action arising under the FLSA.

2

6.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b), 28 U.S.C. § 1391(c) and 29 U.S.C. § 1854(a).

## PARTIES

8.      At all times relevant to this action, the Plaintiffs and the other class members were H-2B temporary foreign workers within the meaning of 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

9.      At all times relevant to this action, the Plaintiffs and the other class members were migrant agricultural workers within the meaning of 29 U.S.C. § 1802(8)(A), in that they were employed in agricultural employment of a seasonal nature and were required to be absent overnight from their permanent places of residence.

10.     Members of the Plaintiff class performed substantial agricultural work for the Defendants within this District.

11.     At all times relevant to this action, the Plaintiffs and the other class members were engaged in agricultural employment for the Defendants within the meaning of 29 U.S.C. § 1802(3).

12.     At all times relevant to this action the Plaintiffs and the other class members were employees of the Defendants within the meaning of 29 U.S.C. § 203(e)(1).

13.     At all times relevant to this action, the Plaintiffs were employed by the Defendant within the meaning of 29 U.S.C. §203(g).

14.     At all times relevant to this action, the Plaintiffs and the other class members were employed by the Defendants in the production of goods for sale in interstate commerce.

15.     Defendant Alpha Services, L.L.C. is a Limited Liability Company, organized under the laws of Idaho, which conducts business in this District.

16.     At all times relevant to this action Defendant Alpha Services, L.L.C. was an agricultural employer within the meaning of 29 U.S.C. § 1802(2).

17.     At all times relevant to this action, Defendant Alpha Services, L.L.C. employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

18.  Defendant Robert Wade Zaharie is an individual resident of Idaho who conducted significant business in this District.  Defendant Robert Wade Zaharie had significant contacts with the state of Mississippi and this District such that jurisdiction and venue are proper in this Court.

19.     At all times relevant to this action, Defendant Robert Zaharie employed the Plaintiffs and the other class members within the meaning of 29 U.S.C. § 1802(5) and 29 U.S.C. § 203(g).

## STATEMENT OF FACTS

20.     The Defendants operate a tree-planting service, in which they bid on and negotiate contracts to plant trees on land owned by other individuals and companies.  To fill the manpower requirements of their contracts, the Defendants sought importation of foreign nationals to perform forestry work on a seasonal or temporary basis, in accordance with the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(15)(H)(ii)(b).

21.     The Plaintiffs and the other members of the class were admitted to the United States to be employed as members of labor crews organized by the Defendants.  Each of the

4

Plaintiffs and the other class members was issued a temporary visa, commonly referred to as an "H-2B visa," as authorized by 8 U.S.C. § 1101(a)(15)(H)(ii)(b), its attendant regulations, 8 C.F.R. § 214.2(h)(6), 20 C.F.R. § 655.3, and administrative letters and/or guidance.  After being admitted to enter the U.S., the Plaintiffs and the other class members were then employed by the Defendants in the United States.

22.     The Plaintiffs and other class members spent considerable sums of money to process their H2B work visas and travel from their home villages to the United States.  These costs were incurred by the Plaintiffs for the primary benefit of their Defendant employers.

23.     As a condition of obtaining H-2B visas for the Plaintiffs and the other class members, the Defendants certified to the United States Department of Labor that, inter alia, the wages paid the Plaintiffs and other class members would equal or exceed the applicable prevailing wage and that the job would not contravene Federal, State, or local law, including applicable requirements of the H-2B program, as set out in Department of Labor regulations and administrative interpretations.

24.     The Defendants did not provide adequate and accurate disclosures of information regarding the work and its details to the Plaintiffs.  The information the Defendants and their recruiting agents did provide to the Plaintiffs regarding work hours and manner of compensation was false and misleading.

25.     The Defendants did not issue accurate and complete records of their employment to the Plaintiffs and other class members.  The records the Defendants kept of the Plaintiffs' work were inadequate, inaccurate, false and misleading.

26.     The Plaintiffs and other class members performed arduous tree planting and

associated work for the Defendants.  They regularly worked far in excess of 40 hours in a given workweek.

27.     The Defendants failed to pay the piece rate promised in the written disclosure provided to the workers and the ETA 750, which sets the minimum contractual terms between the parties.

28.     The Defendants failed to pay the Plaintiffs and the other members of the class the minimum wage for all the work they performed.

29.     The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed.

30.     The Defendants failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

## CLASS ACTION ALLEGATIONS

31.     All claims set forth in Count I are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

32.     The named Plaintiffs seek to represent a class consisting of all those individuals admitted as H-2B temporary foreign workers pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(b), who were employed by the Defendants in any capacity from April 2002 through the present.

33.     The precise number of individuals in the class is known only to the Defendants. The class is believed to include well over 500 individuals.  The class is comprised principally of indigent migrant farmworkers who maintain their residences in locations throughout Mexico and

Guatemala.  The class members are not fluent in the English language.  Indeed, some of the class speak indigenous Mayan languages as their primary language, and speak Spanish as a second language, with varying degrees of proficiency.  The relatively small size of the individual claims, the geographical dispersion of the class, and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible.  Joinder of all class members is impracticable.

34.     There are questions of fact and law common to the class.  These common questions include whether the Defendants failed to pay the named Plaintiffs and other class members prevailing and overtime wages promptly when due, as required by law and their employment contracts; whether the Defendants failed to pay the promised piece rate; whether the Defendants, through their agents, knowingly provided the named Plaintiffs and other class members with false and misleading information about the work and its compensation; whether Defendants failed to maintain complete and accurate records regarding the class members' work; whether the Defendants failed to provide the class members with complete and accurate wage statements; whether the failure of the Defendants to pay the class members the prevailing wage and overtime pay as required by the H-2B temporary foreign labor program violated the AWPA's wage payment and working arrangement provisions; whether the failure of the Defendants to pay the promised piece rate violated the AWPA's working arrangement provision; and whether the Defendants' failure to maintain complete and accurate records regarding the work of the class members, and Defendants' failure to provide the class members with complete and accurate wage statements, were violations of the AWPA.

35.     The claims of the named Plaintiffs are typical of the class, and these typical,

common claims predominate over any questions affecting only individual class members. The named Plaintiffs have the same interests as do the other members of the class and will vigorously prosecute these interests on behalf of the class.

36.     Counsel for the Plaintiffs have handled numerous AWPA and FLSA actions in the federal courts. They are prepared to advance litigation costs necessary to vigorously litigate this action.

37.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, inter alia:

- The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

- Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

- There has been no litigation already commenced against the Defendants by the members of the class to determine the questions presented;

- It is desirable that the claims be heard in this forum since the Defendants have significant contacts with this District; and

- A class action can be managed without undue difficulty since the Defendants have regularly committed the violations complained of herein, and are required to maintain detailed records concerning each member of the class.

## COUNT I

## (MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT)

## (CLASS ACTION)

38.     This count sets forth a claim by the Plaintiffs and the other members of the class for declaratory relief and injunctive relief, including the restitution of unpaid wages with respect to the Defendants' violations of the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA").

39.     The Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 37 above.

40.     The certifications described in paragraph 23 above along with the written disclosure provided to the workers constituted part of the working arrangement between the Defendants and the Plaintiffs and other class members within the meaning of the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

41.     The Defendants failed to pay the Plaintiffs and other members of the class the promised piece rate for the work they performed.

42.     The Defendants failed to pay the Plaintiffs and the other members of the class the proper prevailing wage for all the work they performed and failed to pay the Plaintiffs and the other members of the class overtime wages for all compensable time they were employed in excess of forty (40) hours in a given workweek.

43.     The violation of the AWPA as set out in paragraph 42 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and the other class members so as to raise their individual pay period wages to a rate equal to or exceeding the

9

prevailing and overtime wage.

44.     The violation of the AWPA as set out in paragraph 42 resulted in part from the Defendants' failure to reimburse the Plaintiffs and the other members of the class for expenses they incurred which were primarily for the benefit of the Defendants, as well as the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and the other class members.

45.     By their actions as described in paragraphs 41, 42, 43, and 44 the Defendants violated without justification their working arrangement with the Plaintiffs and the other members of the class, thereby violating the AWPA, 29 U.S.C. § 1822(c), and its attendant regulations, 29 C.F.R. § 500.72.

46.     By their actions as described in paragraphs 41, 42, 43, and 44 the Defendants failed to pay the Plaintiffs and other members of the class their wages owed promptly when due, thereby violating the AWPA, 29 U.S.C. § 1822(a), and its attendant regulations, 29 C.F.R. § 500.81.

47.     The Defendants and/or their agents knowingly provided false and misleading information to the Plaintiff workers and other class members, regarding the terms and conditions of their agricultural employment, in violation of the AWPA 29 U.S.C. § 1821(f), and its attendant regulations, 29 C.F.R. § 500.77.

48.     The Defendants failed to make, keep, and preserve accurate and complete records regarding the Plaintiffs' and the other class members' employment, in violation of the AWPA, 29 U.S.C. § 1821(d)(1), and its attendant regulations, 29 C.F.R. § 500.80(a).

49.     The Defendants failed to provide the Plaintiffs and the other class members

10

complete and accurate itemized written statements for each pay period containing the required

information, in violation of the AWPA, 29 U.S.C. § 1821(d)(2), and its attendant regulations, 29

C.F.R. § 500.80(d).

50.     The violations of the AWPA and its attendant regulations as set forth in this count

were the natural consequences of the conscious and deliberate actions of the Defendants and

were intentional within the meaning of the AWPA, 29 U.S.C. § 1854(c)(1).

51.     As a result of the Defendants' violations of the AWPA and its attendant

regulations as set forth in this count, the Plaintiffs and the other members of the class have

suffered damages.

## COUNT II

## (FAIR LABOR STANDARDS ACT)

## (COLLECTIVE ACTION)

52.     This count sets forth a claim for declaratory relief and damages for the

Defendants' violations of the minimum wage and overtime provisions of the Fair Labor

Standards Act ("FLSA").  This count is stated by the Plaintiffs and other current or former H-2B

temporary foreign workers employed by the Defendants who are similarly situated.

53.     The Plaintiffs re-allege and incorporate by reference the allegations set forth

above.

54.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs Federico Salinas-Rodriguez, Juan

Hernandez-Hernandez, Javier Astello-Mendez, and Marco Antonio Salinas-Rodriguez have

consented in writing to be party plaintiffs in this FLSA action. Their written consents are

attached to the original complaint.

11

55.     The Defendants violated 29 U.S.C. § 206(a) by failing to pay each of the Plaintiffs and others similarly situated the applicable minimum wage for every compensable hour of labor they performed.

56.     The Defendants violated 29 U.S.C. § 207(a) by failing to pay the Plaintiffs and others similarly situated at an hourly rate equal to one and a half times the regular hourly rate at which they were employed for all compensable time they were employed in excess of forty (40) hours in each workweek.

57.     The violations of the FLSA set out in paragraphs 55 and 56 resulted in part from the Defendants' failure to supplement the piece-rate earnings of the Plaintiffs and others similarly situated so as to raise their individual pay period wages to a rate equal to or exceeding the minimum and overtime wage.

58.     The violations of the FLSA set out in paragraphs 55 and 56 resulted, in part, from the Defendants' failure to reimburse the Plaintiffs and others similarly situated for expenses the workers incurred which were primarily for the benefit of the Defendants.

59.     The violations of the FLSA set out in paragraphs 55 and 56 resulted, in part, from the Defendants' unlawful withholdings and deductions from the wages of the Plaintiffs and others similarly situated.

60.     The Defendants' failures to pay the Plaintiffs and others similarly situated the federally mandated hourly minimum wage and the federally mandated overtime wage rate, for all time they were employed in excess of forty (40) in a workweek, were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a).

61.     As a consequence of the Defendants' violations of the FLSA, the Plaintiffs and

others similarly situated are entitled to recover their unpaid minimum and overtime wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that this Court will enter an order:

1.      Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Count I;

2.      With respect to the claims set forth in Count II, conditionally certifying this case as a collective action.

3.      Declaring that the Defendants intentionally violated the Migrant and Seasonal Agricultural Worker Protection Act and its attendant regulations, as set forth in Count I;

4.      Declaring that the Defendants willfully violated the minimum wage and overtime provisions of the Fair Labor Standards Act, as set forth in Count II;

5.      Granting judgment in favor of the Plaintiffs and the other class members and against the Defendants on these Plaintiffs' and other class members' claims under the AWPA as set forth in Count I and awarding each of the Plaintiffs and the other class members actual or statutory damages for each violation of the AWPA, whichever is greater.

6.      Permanently enjoining the Defendants from further violations of the AWPA and its attendant regulations;

7.      Granting judgment in favor of the Plaintiffs and all others similarly situated and against the Defendants on their claims under the Fair Labor Standards Act as set forth in Count II and awarding each of these Plaintiffs and all other similarly situated individuals who opt-in to

this action his unpaid minimum and overtime wages and an equal amount in liquidated damages;

      8.      Awarding the Plaintiffs the costs of this action;

      9.      Awarding the Plaintiffs a reasonable attorney's fee with respect to their Fair Labor

Standards Act claims; and

      10.     Granting such further relief as is just and equitable.

Respectfully submitted this 13th day of January, 2006.

s/Kelley M. Bruner_____
Mary C. Bauer
Virginia Bar Number 31388
*Pro Hac Vice*
Kelley M. Bruner
Alabama Bar Number 8115-K74B
*Pro Hac Vice*
Andrew Turner
Virginia Bar Number 48853
*Pro Hac Vice*
Immigrant Justice Project
Southern Poverty Law Center
400 Washington Avenue
Montgomery, Alabama 36104
334-956-8200
334-956-8481 (fax)
mbauer@splcenter.org
kbruner@splcenter.org
aturner@splcenter.org

Richard T. Conrad III
Mississippi Bar Number 10648
Armstrong Allen, PLLC
P.O. Box 14028
Jackson, MS  39236-4028
(601) 713-6304
(601) 713-2049 (fax)
rconrad@armstrongallen.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on January 13, 2006, I electronically filed the foregoing with the Clerk of Court using the ECF system, which will automatically send e-mail notification to the following attorneys for the Defendants:

J. Larry Stine
Elizabeth K. Dorminey
Paul Oliver
Wimberly, Lawson, Steckel, Nelson & Schneider, P.C.
3400 Peachtree Road, Suite 400
Atlanta, GA 30326

R. Pepper Crutcher, Jr.
Balch & Bingham LLP
401 East Capitol Street, Suite 200
Jackson, Mississippi 39201

s/Kelley M. Bruner
Attorney for Plaintiffs