IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**FEDERICO SALINAS-RODRIGUEZ, ET AL.**     **PLAINTIFFS**

VS.                          CIVIL ACTION NO. 3:05cv440-WHB-JCS

**ALPHA SERVICES, LLC, ET AL.**     **DEFENDANTS**

## ORDER

This cause is before the Court on the Motion of Defendant for Telephonic Depositions to Determine Payment Owed under the Settlement Agreement reached in this case. The Court has considered the Motion, Response, attachments to each, as well as supporting and opposing authority and finds that the Motion should be granted in part and denied in part.

## I.  Discussion

On April 14, 2005, Plaintiffs filed a class action lawsuit alleging violations of the Migrant and Seasonal Agricultural Worker Protection Act, codified at 29 U.S.C. §§ 1801-1871 ("MSAWPA"), and the Fair Labor Standards Act, codified at 29 U.S.C. §§ 201-219 ("FLSA"). On May 30, 2006, the parties executed a Settlement Agreement ("Agreement"), which was approved by the Court on September 5, 2006. For the purposes of the Agreement, the plaintiffs were divided into four categories: (1) the eleven plaintiffs originally named in the lawsuit; (2) Opt-In Plaintiffs

Carmelino Perez and William Tomas; (3) "Other Opt-In Plaintiffs" who are identified as any individual who files a "consent to sue form" between January 25, 2006, and July 13, 2006; and (4) "Class Members" who are identified as individuals admitted to this country as H-2B temporary foreign workers and who were employed by Defendants between April 14, 2002, to present.

Defendants now seek to depose each of the twenty-four individuals currently comprising the "Other Opt-In Plaintiffs" category to determine whether they, in fact, consented to be included as opt-in plaintiffs in this lawsuit. In support of their motion, Defendants raise specific challenges regarding six of the opt-in plaintiffs – Adalberto Alvarez Estrada ("Estrada"); Humberto P. Vasquez ("Vasquez"); Alvaro Vasquez Perez; Alvaro Ruvein Vasquez Perez; Alverto Vasquez Perez; and Cecundino Vasquez Perez (collectively, "Perez Plaintiffs")[1] – based on discrepancies and/or omissions in their Consent to Sue forms and on allegations of fraud.

<u>Adalberto Alvarez Estrada</u>: Defendants challenge the inclusion of Estrada as an opt-in plaintiff on the basis that his signature does not appear on the Consent to Sue form submitted in this case.

---

[1] The names of these six individuals are taken from Plaintiffs' Memorandum in Opposition to Defendants' Motion for Telephonic Depositions.

Whether an individual may become a party to a collective or class action lawsuit under the FSLA is governed by 29 U.S.C. § 216(b). This statute provides, in relevant part:

> An action ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action **unless he gives his consent in writing to become such a party** and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (emphasis added). Courts, when considering whether a signature is necessary to satisfy the "consent in writing" requirement of the FSLA, have reached differing conclusions. Compare Kulik v. Superior Pipe Specialities Co., 203 F. Supp 938 (N.D. Ill. 1962) (concluding that the "'consent in writing to become such a party', referred to in 29 U.S.C.A. § 216(b) ... is a document signed by the person whose consent it purports to be."); Tate v. Showboat Marina Casino Partnership, No. 02 C 3432, 2002 WL 31253843, at *1 (N.D. Ill. Oct. 8, 2002) (dismissing proposed plaintiffs from a FSLA lawsuit on the basis that they had not filed signed consents and therefore failed to comply with the plain language of 29 U.S.C. § 216(b)),[2] with Wertheim v. Arizona, No. CIV 92-453 PHX RCB, 1993 WL 603552, at *8

---

[2] See also Montalvo v. Tower Life Building, 426 F.2d 1135, 1148-49 (5th Cir. 1970) (finding that by signing a form labeled "written consent to become a party plaintiff", the plaintiffs clearly evidenced their intent to become parties to a lawsuit under the FSLA).

(D. Ariz. Sept. 30, 1993) (finding that 29 U.S.C. § 256(b), which governs the date on which a collective action under the FLSA is commenced for statute of limitations purposes, "does not require persons wishing to opt in [the lawsuit] to submit signed consent forms.")

A review of Estrada's Consent to Sue form shows that he provided the following information: (1) the hand-printed name "J Adalberto Alvarez Istrada"; (2) an address and telephone number; (3) the time-period during which he was employed by Alpha Services, and (4) the name of his supervisor. Although Estrada did not actually sign the subject form on the line designated for his signature, the Court finds that by hand-printing his name on the subject form and providing all additional requested information, Estrada manifested his intent to become an opt-in plaintiff in this case. Accordingly, the motion of Defendants, as it relates to compelling discovery from Estrada, will be denied.

<u>Humberto P. Vasquez; Alvaro Vasquez Perez; Alvaro Ruvein Vasques Perez; Alverto Vasquez Perez; and Cecundino Vasquez Perez</u>: Defendants challenge the inclusion of Vasquez and the Perez Plaintiffs on the bases that (1) all of these individuals claim the same permanent address and telephone number;[3] (2) their names are

---

[3] The address and telephone number are also shared by Mr. Jose Mesas who likewise filed a Consent to Sue form in this case. Defendants express concern that Mesas may have fraudulently submitted the forms of Vasquez and the Perez Plaintiffs. See Defendants' Response to Motion to Enforce Settlement [Docket No. 109], Attachment 3.

4

misspelled on the Consent to Sue forms;[4] and (3) the handwriting on four of five of the forms appears to be identical. See Defendants' Response to Motion to Enforce Settlement [Docket No. 109], at 5-6.

A review of Vasquez's Consent to Sue form provides the following information: (1) the hand-printed name "Humberto P Vasquez"; (2) a partial hand-written name on the line designated for his signature; (3) an address and telephone number, (4) the time-period during which he was employed by Alpha Services, and (5) the names of his supervisors. Additionally, counsel for Plaintiffs submitted the Affidavit of Angeline Echeverria who avers that she personally spoke to Vasquez, that he confirmed the validity of his Consent to Sue form, and that he affirmed his intent to be joined as an opt-in plaintiff in this case. See Plaintiffs' Memorandum in Opposition to Defendants' Motion for Telephonic Depositions [Docket No. 110], Exhibit 5, ¶ 5. The Court finds, based on the evidence before it, that Vasquez intended to become an opt-in plaintiff in this case. Accordingly, the motion of Defendants, as it relates to compelling discovery from Vasquez, will be denied.

---

[4] The Consent to Sue form allegedly submitted by Alvaro Vasquez Perez bears the name "Alvaro Vasquez P" and "Alv. P." is printed on the line designated for his signature. The form allegedly submitted by Alvaro Ruvein Vasquez Perez bears the name "Alvaro Ru Vein V.P." and "A R. V." is printed on the line designated for his signature. The form allegedly submitted by Alverto Vasquez Perez bears name "Alverto Vasquez P." and "A V. P." is printed on the line designated for his signature. Finally, the form allegedly submitted by Cecundino Vasquez Perez bears the name "cecundino Vasquez P." and "cecundino. V.P." is printed on the line designated for his signature.

The Consent to Sue form submitted by Alvaro Ruvein Vasquez Perez provides the following information: (1) the hand-printed name "Alvaro Ru Vein V.P."; (2) the initials "A R. V." on the line designated for his signature; (3) an address and telephone number, (4) the time-period during which he was employed by Alpha Services, and (5) the names of his supervisors. Additionally, counsel for Plaintiffs again submitted the Affidavit of Echeverria who avers that she personally spoke to Alvaro Ruvein Vasquez Perez, that he confirmed the validity of his Consent to Sue form, and that he affirmed his intent to be joined as an opt-in plaintiff in this case. See Id. [Docket No. 110], Exhibit 5, ¶ 4. The Court finds, based on the evidence before it, that Alvaro Ruvein Vasquez Perez intended to become an opt-in plaintiff in this case. Accordingly, the motion of Defendants, as it relates to compelling discovery from Alvaro Ruvein Vasquez Perez, will be denied.

The Consent to Sue forms submitted by Alvaro Vasquez Perez, Alverto Vasquez Perez, and Cecundino Vasquez Perez bear the names "Alvaro Vasquez P.", "Alverto Vasquez P.", and "cecundino Vasquez P.", respectively, and the following are printed on the signature line of the subject forms in the same respective order: "Alv. P.", "A V. P.", and "cecundino. V.P.". The forms also include the same address and telephone for each individual; the time-period during which each individual was employed by Alpha Services; and the names of their respect supervisors. Counsel for Plaintiffs has apparently been unable to contact these three individuals, and did

6

not provide the Court any admissible evidence to validate the Consent to Sue forms they submitted. The Court finds that the evidence before it, standing alone, does not conclusively show that Alvaro Vasquez Perez, Alverto Vasquez Perez, and/or Cecundino Vasquez Perez intended to become opt-in plaintiffs in this case. Accordingly, the motion of Defendants, as it relates to compelling limited discovery from these three individuals will be granted. Defendants shall be permitted to take limited depositions of Alvaro Vasquez Perez, Alverto Vasquez Perez, and Cecundino Vasquez Perez for the purpose of determining whether these individuals consented to become opt-in plaintiffs in this case.

## II. Conclusion

For the for foregoing reasons:

IT IS THEREFORE ORDERED that Defendants' Motion for Telephonic Depositions to Determine Payments Owed Under Settlement Agreement [Docket No. 108] is hereby granted in part and denied in part. Defendants shall be permitted to take limited depositions of Alvaro Vasquez Perez, Alverto Vasquez Perez, and Cecundino Vasquez Perez for the purpose of determining whether these individuals consented to become opt-in plaintiffs in this case. Defendants will not be permitted to depose any other opt-in plaintiff in this case.

SO ORDERED this the 18th day of January, 2007.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE